UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JOHN W.[1],

          Plaintiff,

v.                                                                    20-CV-376 (JLS)

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

───────────────────────────────

## DECISION AND ORDER

Plaintiff John W. brought this action under the Social Security Act (the "Act"), seeking review of a determination by the Commissioner of Social Security that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 14. The Commissioner responded and cross-moved for judgment on the pleadings. Dkt. 16. Plaintiff replied. Dkt. 17.

For the reasons below, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this Decision and Order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

On August 23, 2017, Plaintiff applied for benefits under the Act, alleging disability beginning on July 17, 2016. Tr. 11.[2] Plaintiff's application was initially denied by the Social Security Administration on November 1, 2017. *Id.* Plaintiff then filed a written request for hearing, which took place before an Administrative Law Judge ("ALJ") on July 29, 2019. *Id.* The ALJ issued a written decision to Plaintiff on September 4, 2019, denying his claim. Tr. 11-23. The Appeals Council denied request for review of the ALJ's decision on January 28, 2020, so the ALJ's decision became the Commissioner's final decision. Tr. 1. Plaintiff then commenced this action. Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

The scope of review of a disability determination involves two levels of inquiry. *See Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). First, the Court must "decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* The Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)).

---

[2] All filings at Dkt. 10 are the transcript of proceedings before the Social Security Administration. All references to Dkt. 10 are denoted "Tr. __."

Second, the Court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotations and citations omitted). The Court does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotations and citations omitted). But "the deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). Indeed, if "a reasonable basis for doubt whether the ALJ applied correct legal principles" exists, applying the substantial evidence standard to uphold a finding that the claimant was not disabled "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## II. Disability Determination

An ALJ evaluates disability claims through a five-step process established by the Social Security Administration to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. *Id.* § 404.1520(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. *Id.* § 404.1520(a)(4).

At step two, the ALJ decides whether the claimant suffers from any severe impairments. *Id.* § 404.1520(a)(4)(ii). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. *Id.* § 404.1520(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals an impairment listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. *Id.* § 404.1520(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See id.* § 404.1520(a)(4)(iv), (e). The RFC is a holistic assessment of the claimant that addresses the claimant's medical impairments— both severe and non-severe—and evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for his collective impairments. *See id.* § 404.1545. After determining the claimant's RFC, the ALJ completes step four. *Id.* § 404.1520(e). If the claimant can perform past relevant work, he is not disabled and the analysis ends. *Id.* § 404.1520(f). But if the claimant cannot perform past relevant work, the ALJ proceeds to step five. *Id.* § 404.1520(a)(4)(iv).

4

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See id.* §§ 404.1520(a)(4)(v), (g); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Specifically, the Commissioner must prove that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986)).

## DISCUSSION

### I. THE ALJ'S DECISION

The ALJ first determined that Plaintiff meets the insured status requirements of the Act. Tr. 13. The ALJ then evaluated Plaintiff's claim for benefits under the process discussed above.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 17, 2016, the alleged onset date. Tr. 13. At step two, the ALJ determined Plaintiff's anxiety and depression were severe impairments. *Id.* The ALJ also found that Plaintiff had non-severe physical impairments. Tr. 14. At step three, the ALJ found that none of Plaintiff's limitations met or medically equaled the severity of a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

At step four, the ALJ determined Plaintiff had the RFC to perform "a full range of work at all exertional levels, but with the following nonexertional limitations: occasional exposure to moving mechanical parts; occasional operate [sic] a motor vehicle; occasional exposure to unprotected heights; able to perform routine and repetitive tasks; work in a low stress job, defined as having only occasional decision making required and only occasional changes in the work setting; no interaction with the public and only occasional interaction with coworkers and supervisors." Tr. 15. At step five, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. The ALJ determined, however, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* Thus, the ALJ concluded that Plaintiff was not under a disability from June 17, 2016, through the date of the decision. Tr. 23.

## II. ANALYSIS

Plaintiff makes four arguments. Dkt. 14-1. His first two arguments claim the RFC is unsupported by substantial evidence because the ALJ failed to consider properly and explain opinion evidence, and failed to develop the record further and close evidentiary gaps. *Id.* at 2. Next, Plaintiff argues that the Appeals Council improperly disallowed new and material evidence that Plaintiff argues was probative and directly related to already existing conditions. *Id.* Finally, Plaintiff asserts that the ALJ failed to conduct a proper credibility evaluation of Plaintiff and failed to account for supported episodic limitations. *Id.*

For the following reasons, the Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

## A. The ALJ's RFC finding is supported by substantial evidence.

### 1. The ALJ properly considered and explained the opinion evidence.

Plaintiff contends that the ALJ improperly accorded weight to medical opinions that were incomplete and conclusory. Dkt. 14-1, at 9. Because Plaintiff filed the claim after March 2017, the 2017 regulations are applicable to this claim. *Michael H. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1466-DB, 2022 WL 768658, at *5 (W.D.N.Y. Mar. 14, 2022). Under these regulations, the ALJ must determine the persuasiveness of a medical opinion by considering several factors. 20 C.F.R. § 416.920c(b)(2). But she only needs to articulate how she considered supportability and consistency.[3] *Id.*; *see also Michael H.*, 2022 WL 768658, at *5. The ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).

---

[3] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Consistency means "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2).

7

Here, the ALJ articulated that she found Dr. Rebecca Phillips' medical opinion persuasive because it was consistent with other treatment notes from Dr. Wendy Weinstein, Dr. Kalaiselvi Rajendran, and Kathleen Shannon, a licensed clinical social worker. Tr 20. The ALJ also found Dr. T. Inman-Dundon's medical opinion to be persuasive but with additional limitations warranted by evidence acquired during the hearing. Tr. 21. The ALJ also stated that the determined RFC was consistent with the Dr. Inman-Dundon's opinion and supported by the other objective medical evidence in the record. *Id.* The ALJ also found that Dr. G. Ehlert's medical opinion that Plaintiff's physical impairments were non-severe was persuasive because the conditions were for a duration that did not last longer than twelve months, which is consistent with the overall record evidence. *Id.*

The ALJ found Dr. Rajendran's medical opinion to be unpersuasive because it appears her opinion is based on Plaintiff's subjective complaints instead of the objective evidence. Tr. 21. Indeed, the statements under the "objective" heading on Dr. Rajendran's reports mostly contain Plaintiff's subjective complaints and are conclusory. *See* Tr. 467, 469, 474, 476. The ALJ properly articulates that these conclusions are not supported by objective evidence and are not consistent with the record. Tr. 21. The ALJ also found the opinions of Dr. Souray Sengupta's and Michelle Bielinski, a certified physician's assistant, were not persuasive because they were not supported by the overall record evidence. Tr. 20.

The ALJ's assessment appropriately considered the totality of the evidence and weighed the supportability and consistency when evaluating the persuasiveness of the medical opinions. Thus, the medical opinions were properly evaluated.

2. The ALJ properly developed the record.

"The ALJ is not required to develop the record any further when the evidence already presented is 'adequate for [the ALJ] to make a determination as to disability.'" *Janes v. Berryhill*, 710 F. App'x 33, 34 (2d Cir. 2018) (citing *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996)). Here, the record contains years of medical records from multiple medical providers. There is ample evidence for the ALJ to determine the RFC. The mental health opinions contained in the record include subjective evidence from Plaintiff and objective evidence, all of which the ALJ properly considered.

Plaintiff contends a missing treating opinion from Dr. Rajendran created a "gap" in the record. But this opinion is outside the relevant period[4] and is not considered for reasons discussed below. The ALJ had other previous treating opinions from Dr. Rajendran from the relevant period and had a complete medical history, so there was no reason to obtain more evidence. *See Perez*, 77 F.3d at 45.

---

[4] The relevant period here is from August 23, 2017, the date Plaintiff filed his disability application, to September 4, 2019, the date of the ALJ's decision.

9

## B. The Appeals Council properly disallowed new evidence.

The Appeals Council properly disallowed new evidence. New and material evidence is considered if "(1) it is relevant to the claimant's condition during the time period for which benefits were denied, (2) it is probative, and (3) there is a reasonable possibility that the new evidence would have influenced the Commissioner to decide claimant's application differently." *Williams v. Comm'r of Soc. Sec.*, 236 F. App'x 641, 644 (2d Cir. 2007) (internal quotations omitted).

Plaintiff contends that the Appeals Council erred by not considering the evidence from Buffalo Surgery Center. However, the Appeals Council denied review after considering the information from Buffalo Surgery Center. Tr. 2. When the Appeals Council denies review of the ALJ's decision after considering new evidence, the Commissioner's "final decision necessarily includes the Appeals Council's conclusion that the ALJ's findings remained correct despite the new evidence." *Perez*, 77 F.3d at 45 (internal quotations omitted). The Appeals Council considered the report from the Buffalo Surgery Center dated April 8, 2019, to May 15, 2019, but found that the evidence did not show a reasonable possibility that it would change the outcome of the decision. Tr. 2. The Commissioner's final decision, therefore, includes the conclusion that the ALJ's decision is correct despite this additional evidence.

Plaintiff also contends that the new evidence from Dr. Rajendran is probative and related to already existing conditions. Dkt. 14-1, at 24. However, the Appeals Council properly disallowed the new evidence provided by Dr. Rajendran because it

10

did not relate to the time frame encompassed in the ALJ's decision. *See Baladi v. Barnhart*, 33 F. App'x 562, 564 (2d Cir. 2002). The record was produced in October 2019 and is not legible enough to indicate whether the evidence supports a finding of disability prior to September 4, 2019. Tr. 41. The report is clearly dated for October 26, 2019, which is after the date of the ALJ's decision and outside of the relevant period. *Id.* Accordingly, the Appeals Council properly did not consider this evidence.

## C. The ALJ properly evaluated Plaintiff's credibility.

The ALJ did not err in her assessment of Plaintiff's credibility. Plaintiff contends that the ALJ failed to conduct a proper credibility evaluation of the Plaintiff's testimony regarding his episodic limitations. Dkt. 14-1, at 27. He further argues that the ALJ improperly relied on "a few isolated instances of improvement" and did not consider his long work history when determining the RFC. *Id.* at 29.

The ALJ must perform a two-step analysis when evaluating a claimant's symptoms. First, she must determine whether there are underlying medically determinable physical or mental impairments that could reasonably be expected to produce the symptoms. 20 C.F.R. § 404.1529(b). Next, the ALJ must evaluate the claimant's statements regarding the intensity and persistence of those symptoms considering all the available evidence and determine the extent to which they limit Plaintiff's functional limitations. 20 C.F.R. § 404.1529(c)

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Tr. 16. But she found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of the[] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. When determining a claimant's RFC, the ALJ must consider the claimant's subjective complaints, but she may exercise discretion in weighing the credibility of the claimant's testimony considering the objective evidence. 20 C.F.R. § 416.929; *see also Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Here, the ALJ considered the testimony Plaintiff gave regarding his "depression, anxiety, panic attacks, shortness of breath, and head pain." Tr. 16. However, the ALJ determined that the objective evidence does not support the severity of Plaintiff's alleged functional limitations. Tr. 19. During his medical appointments with various doctors during the relevant period, clinical findings remained "generally normal." Tr. 17-19, 406, 409-412. During his medical status exams, he was consistently described as appropriately groomed, pleasant, cooperative, conversant, and with cognition grossly intact. Tr. 17-19, 406, 411, 413, 447, 450, 453, 456. Plaintiff also reported kayaking, grocery shopping, doing household chores, walking, running, driving, and biking. Tr. 17-20, 362, 480, 431, 434. The ALJ did not rely on "a few isolated instances of improvement" but, rather, relied on the totality of the subjective and objective evidence.

12

Additionally, the ALJ's failure to discuss Plaintiff's long work history does not require remand. Long work history "may be deemed probative of credibility," but is only one factor the ALJ should consider when assessing credibility. *Wavercak v. Astrue*, 420 F. App'x 91, 94 (2d Cir. 2011). The fact that the ALJ did not specifically reference Plaintiff's long work history in her decision does not undermine the credibility assessment. *Id.*; *James B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01075 EAW, 2021 WL 5988411, at *7 (W.D.N.Y. Dec. 16, 2021). The ALJ also acknowledged Plaintiff's past work when she concluded the RFC "would preclude past relevant work." Tr. 22.

The ALJ properly evaluated Plaintiff's credibility factors and determined his RFC while being "[m]indful of [his] anxiety and depression[.]" Tr. 21. She considered Plaintiff's subjective testimony and acknowledged his past work history but denied disability after weighing the objective evidence.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 14) and **GRANTS** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 16). The Clerk of the Court shall close this case.

**SO ORDERED.**

Dated:   August 5, 2022
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE